IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KERMIT MITCHELL, | ) | |
| | ) | FILED: SEPTEMBER 18, 2008 |
| Plaintiff, | ) | 08CV5364 |
| | ) | JUDGE NORGLE |
| v. | ) No. | MAGISTRATE JUDGE COLE |
| | ) | |
| CITY OF CHICAGO, a municipal | ) | JUDGE |
| corporation, Chicago Police | ) | TC |
| Officer E. KODAT, Star # 3859, and | ) | MAGISTRATE |
| UNKNOWN CHICACO POLICE | ) | |
| OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, KERMIT MITCHELL, through one of his attorneys, Christopher R. Smith, makes the following complaint against Defendants CITY OF CHICAGO ("Defendant City"), and Chicago Police Officer E. KODAT, Star #3859, and UKNOWN CHICAGO POLICE OFFICERS:

### JURISDICTION

1. This is a civil action seeking damages against Defendants for committing acts under color of law, which deprived Plaintiff of rights secured by the Constitution and laws of the United States.

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C., §1983; the judicial code 28 U.S.C., § 1331 and 1343 (a); the Constitution of the United States; as well as pendent jurisdiction as provided under U.S.C., § 1367(a).

**PARTIES**

3. Plaintiff is a citizen of the United States of America, who currently resides in Chicago, Illinois.

4. Defendant Officers were, at all relevant times, employed by Defendant City as Chicago Police Officers. They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law. They are sued in their individual capacities.

5. Defendant City is a municipal corporation duly incorporated under the laws of the State of Illinois, and was at all relevant times, the employer and principal of Defendant Officers.

**FACTS**

6. On January 24, 2008, Kermit Mitchell was a passenger on a CTA bus.

7. Kermit Mitchell had paid his fare, and was not behaving in a disruptive fashion.

8. Defendant E. Kodat and Unknown Chicago Police Officers boarded the bus and used excessive force with no lawful justification.

9. In so doing Defendant E. Kodat and Unknown Chicago Police Officers broke Mr. Mitchell's wrist.

10. The actions of Defendants injured Mr. Mitchell physically and psychologically.

**Count I: 42 U.S.C. Section 1983 — Excessive Force**

11. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

12. The actions of Defendant Officers, detailed above, constitute unreasonable, unjustifiable, and excessive force against plaintiff, thus violating Plaintiff's rights under

the Fourth Amendment to the United States Constitution, and 42 U.S.C., Section 1983.

13.     As a proximate result of the above-detailed actions of defendants, Plaintiff was injured in that he suffered a fractured wrist.

WHEREFORE, Plaintiff respectfully requests judgment against the individual defendants, jointly and severally, for compensatory damages against Defendants Officers in an amount which is reasonable to compensate him for his injuries, as well as punitive damages against Defendant Officers, plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

## Count II:  State Law Battery

14.     Each of the foregoing Paragraphs is incorporated as if restated fully herein.

15.     As is more fully described above, Defendant Officers intentionally made offensive bodily contact with Plaintiff and inflicted bodily harm upon him.

16.     As a direct and proximate result of this battery, Plaintiff was physically and emotionally injured, and suffered serious pain, as described above.

17.     Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

18.     At all relevant times, Defendant Officers were agents of Defendant City, and acting within the scope of their employment as a Chicago Police Officers.  Defendant City, therefore, is liable as principal for all torts committed by Defendant Officers.

WHEREFORE, Plaintiff prays judgment against Defendant Officers and Defendant City in a fair and just amount sufficient to compensate Plaintiff for the injuries he has suffered as well as all such other relief as this Court deems just, proper, and equitable.

Respectfully submitted,

Kermit Mitchell


By: <u>/s/James M. Baranyk</u>
An Attorney for Plaintiff


Law Office of Christopher R. Smith
112 S. Sangamon, 3rd Floor,
Chicago, Illinois 60607